**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shelly M Lachcik, et al., | No. CV-15-02318-PHX-DGC |
| Plaintiffs, | **ORDER** |
| v. | |
| Maricopa County Board of Commissioners, et al., | |
| Defendants. | |

Plaintiffs have filed a pro se motion to amend their second amended complaint. Doc. 39. The motion has been fully briefed (Docs. 43, 45), and Plaintiffs have filed a supplement to their original motion (Doc. 44) and lodged the proposed amendment (Doc. 40). No party requests oral argument. The Court will grant the motion.

**I.     Background.**

Until last year, Plaintiff Shelly Lachcik and her mother, Plaintiff Katherine Fox, lived together in federally-subsidized housing. On July 4, 2015, the Housing Authority of Maricopa County ("HAMC") terminated Lachcik's housing assistance based on its finding that she failed to report a change in her household income arising from Fox's self-employment. Doc. 40 at 35-37. Plaintiffs filed their original complaint on November 16, 2015. Doc. 1.

On December 1, 2015, Plaintiffs filed an amended complaint, naming as defendants the Maricopa County Board of Commissioners, HAMC, and HAMC's Executive Director, Gloria Munoz, in her official capacity. Doc. 10. The amended

complaint asserted claims under 42 U.S.C. § 1983 based on alleged violations of the Due Process Clause of the Fourteenth Amendment, section 8 of the Housing Act of 1937 (42 U.S.C. § 1437f), the informal hearing provision of the section 8 regulations (24 C.F.R. § 982.555), and the Fair Housing Act (42 U.S.C. § 3604(f)). *Id.* at 7-8. Plaintiffs sought declaratory, injunctive, and damages relief, including reinstatement of her housing assistance. *Id.* Defendants subsequently filed their answer. Doc. 18. With leave of court, Plaintiffs amended their amended complaint to substitute the "Maricopa County Board of Supervisors" for the "Maricopa County Board of Commissioners." Doc. 34.

On July 11, 2016, Plaintiffs filed a motion to amend their second amended complaint. The proposed amendment seeks to add four defendants: Jenese Bojorquez, Marifel Saldana, Keith Quinn, and the unknown hearing officer (collectively, the "HAMC Employees"). Doc. 40 at 1. The HAMC Employees are each named in both their individual and official capacities. *Id.* The proposed amendment has little overlap with the second amended complaint. It includes several pages of new exhibits, cites new legal authority, and alleges violations of several regulations not discussed in the prior complaint. *Compare* Doc. 35 *with* Doc. 40. The demand for relief, however, is largely unchanged: the proposed third amended complaint seeks a declaratory judgment stating that Defendants' conduct violated the Due Process Clause, preliminary and permanent injunctive relief reinstating Plaintiff Lachcik's subsidy, and compensatory damages. Docs. 35 at 7-8; 40 at 14.

**II.    Legal Standard.**

Because the deadline for amending as a matter of course has passed, Plaintiffs may amend "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is given freely "when justice so requires." *Id.* "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotation marks and citations omitted; alterations incorporated). A motion for leave to amend may be denied, however, if the court finds "undue delay, bad faith or dilatory motive on the

part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Pursuant to this Court's Local Rules of Civil Procedure, "[a] party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added." LRCiv 15.1(a). This rule carries "'the force of law.'" *Eldridge v. Schroeder*, No. CV-14-01325-PHX-DGC-ESW, 2016 WL 354868, at *2 (D. Ariz. Jan. 28, 2016) (quoting *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010)). Courts in this district "routinely den[y] motions for leave to amend for failure to comply with LRCiv 15.1(a)," *id.* (collecting cases), and it is well within their discretion to do so. *See, e.g.*, *Young v. Nooth*, 539 F. App'x 710, 711 (9th Cir. 2013) ("The district court did not abuse its discretion in denying Young leave to amend his complaint because Young failed to attach a proposed amended complaint as required by local rule.").

### III. Analysis.

Defendants contend that Plaintiffs' motion should be denied because (1) Plaintiffs failed to comply with LRCiv 15.1(a), (2) Plaintiffs have unduly delayed this motion, (3) the proposed amendment would be prejudicial to Defendants, and (4) the proposed amendments would be futile. Doc. 43.

### A. LRCiv 15.1(a).

As Defendants pointed out in their opposition, Plaintiffs' motion for leave to amend did not comply with LRCiv 15.1(a). Within one week of being apprised of this defect, Plaintiffs filed a version of the second amended complaint that satisfied LRCiv 15.1(a). Docs. 46, 48. Because Plaintiffs acted quickly in responding to the procedural defect in their original motion, and because it does not appear that Defendants were prejudiced by Plaintiffs' initial noncompliance with LRCiv 15.1(a), the Court will not dismiss Plaintiffs' motion based on this initial noncompliance. The Court reminds

Plaintiffs, however, that compliance with the Local Rules of Civil Procedure is mandatory, even for pro se litigants, and that failure to comply with these rules in the future may result in denial of motions of dismissal of their case.

### B. Undue Delay.

Defendants argue that Plaintiffs have unduly delayed this amendment. Specifically, Defendants object that Plaintiffs waited nine months to name the HAMC Employees as defendants, even though Plaintiffs knew about the HAMC Employees' relevant actions at the time they initiated this action. Doc. 43 at 5.

Plaintiffs explain that they did not initially name the HAMC Employees because they did not believe it was necessary in order to obtain their desired relief. Doc. 44 at 1. Plaintiffs decided to add these defendants after the May 10, 2016 status conference, where Defendants indicated their intent to move for dismissal of the case on the ground that the defendants named in the second amended complaint lacked capacity to be sued. *Id.*

In light of this explanation, the Court cannot conclude that Plaintiffs unreasonably delayed in seeking to add the HAMC Employees as defendants. Plaintiffs sought to add these individuals within two months of learning that Defendants intended to dispute the capacity of the named defendants. That was new, relevant information.

### C. Prejudice.

Defendants argue that they would be prejudiced if Plaintiffs were allowed to file their third amended complaint. Specifically, they argue that such an amendment would likely necessitate additional discovery and would require Defendants to incur additional expenses filing a new answer. Doc. 43 at 6-7. Defendants do not identify any specific discovery that would be necessitated by the proposed amendment; indeed, they argue elsewhere in their opposition that the third amended complaint "contains essentially the exact same claims as their previous three Complaints did." Doc. 43 at 7. Nor do Defendants cite any case holding that the expense of filing a second answer is grounds for denying a motion to amend. Such a ruling would be hard to square with the Ninth

Circuit's instruction that courts should apply Rule 15's policy of favoring amendments to pleadings "with extreme liberality." *DCD Programs*, 833 F.2d at 186.

### D.  Futility.

Defendants argue that the proposed amendment should be denied as futile because it does not contain any new, viable claims. Doc. 43 at 6-7. The Court will not deny the motion on this basis. The proposed amendment contains new exhibits, cites new legal authority, and alleges violations of several regulations not discussed in the prior complaint. Most importantly, it names new defendants in an attempt to preempt Defendants' argument that the existing defendants lack capacity to be sued. Defendants do not explain why these additions are futile.

**IT IS ORDERED** that Plaintiffs' motion of leave to amend (Doc. 39) is **granted**.

Dated this 15th day of August, 2016.

_____
David G. Campbell
United States District Judge